IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF MISSISSIPPI, EASTERN DIVISION

ALFA INSURANCE CORPORATION                                      PLAINTIFF

v                                                CAUSE NO.: 2:14cv138-DPJ-FKB

ELIZABETH STEDMAN; MINOR CHILD "A"
AND MINOR CHILD "B"; HEATH PARKER;
AND MINOR CHILD "C"                                             DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Plaintiff, Alfa Insurance Corporation, (hereinafter "Alfa"), by and through counsel, and pursuant to Rule 57 of the Federal Rules of Civil Procedure, Title 28 U.S.C. §2201 and other applicable authorities, hereby files this Complaint for Declaratory Judgment and would show the following:

1.      This is an action for Declaratory Judgment for the purposes of determining questions of actual controversy between the Plaintiff and the Defendants as set forth below.

## PARTIES

2.      Alfa is an insurance company based in Montgomery, Alabama, which is registered to do business in the State of Mississippi and is doing business in the State of Mississippi. However, Alfa's principal place of business and corporate headquarters is located in Montgomery, Alabama.

3.      Defendant, Elizabeth Stedman, is an adult resident citizen of Mississippi residing at 507 Iowa Street, Apartment B in Wiggins, Mississippi.

4.      Minor Child "A", is believed to be the offspring of Elizabeth Stedman, also residing at 507 Iowa Street, Apartment B in Wiggins, Mississippi.

5. Minor Child "B", is believed to be the offspring of Elizabeth Stedman, also residing at 507 Iowa Street, Apartment B in Wiggins, Mississippi.

6. Defendant, Heath Parker, is an adult resident citizen of Mississippi residing at 507 Iowa Street, Apartment B in Wiggins, Mississippi.

7. Minor Child "C", is believed to be the offspring of Heath Parker, also residing at 507 Iowa Street, Apartment B in Wiggins, Mississippi.

## JURISDICTIN AND VENUE

8. There is complete diversity of citizenship between Alfa and the Defendants pursuant to 28 U.S.C. §1332 and the matter in controversy exceeds the sum value of $75,000.00, exclusive of interest and costs at the limits of the insurance policy at issue as the claims made against Alfa by these Defendants have been in excess of $75,000.00, accordingly, this court has jurisdiction over this civil action and declaratory judgment action.

9. Venue is proper in this Division and District Court under 28 U.S.C. §1390 (a) because a substantial part of the events and/or admissions that give rise to this claim at issue occurred from an automobile accident which took place in Brooklyn, Mississippi, Forrest County, which is within the geographical district and region of the Southern District of Mississippi, Eastern Division.

## FACTS

10. On May 2, 2014, an automobile accident occurred in Brooklyn, Mississippi at the intersection of Bud Myers Road and Highway 49 South. The accident involved two vehicles, one vehicle driven by Elizabeth Stedman and the other vehicle driven by a minor less than 21 years of age.

11. On the date of this accident, Elizabeth Stedman, was driving a 2004 Pontiac Grand Am, which was owned by Robert Hillman, who resides at 110 A. Carl Taylor Road, in Wiggins, Mississippi.

12. The 2004 Pontiac Grand Am owned by Robert Hillman and insured by Alfa Insurance Corporation, Policy # 16000018426. The Accident Report is attached hereto as Exhibit "A" to the Complaint.

13. The two adult Defendants and three minor children are represented by the Office of Morris Bart, and attorney Jason Ruiz.

14. On the date of this accident, Alfa insured the Hillman vehicle with uninsured/underinsured motorist limits of $25,000 per person and $50,000 per accident. There were three vehicles insured by Robert Hillman through Alfa on the date of this loss.

15. Counsel for the Defendants has requested Alfa to provide underinsured motorist to all of the claimants. See Alfa policy of Robert Hillman attached as Exhibit "B" and the letter from Jason Ruiz to Alfa Claims Adjuster, Tim Rodney, dated July 13, 2014 as Exhibit "C".

16. The liability carrier for the automobile driven by the minor who collided with Hillman's vehicle, driven by Elizabeth Stedman, has offered its $25,000 per person and $50,000 in the aggregate liability limits.

**CAUSE OF ACTION – DECLARATORY JUDGMENT**

17. A substantial question of law is presented based on the information supplied to Alfa and the information provided by the claimants and their attorney for whether or not coverage for underinsured/uninsured motorist under the Alfa policy is applicable to these Defendants based on the tortfeasor having liability coverage and argument by counsel for the Defendants that stacking is applicable to these claimants.

18. Mississippi law, in the form of definitions created by a Supreme Court opinion, defines Class I persons as policy holders or family members with the ability to stack underinsured/uninsured motorist's coverage for vehicles listed on a policy holder's automobile insurance policy or those policies applicable to them as Class I insureds.

19. Class II insureds, by judicial definition and creation, are guest passengers who may use the underinsured/uninsured motorist coverage on a vehicle they are traveling in should that policy afford them coverage.

20. Case law created by the Mississippi Supreme Court and the Mississippi Court of Appeals has also stated that the first step to determining whether or not someone is underinsured according to Mississippi's underinsured motorist statute is to stack the vehicle for purposes of recovery.

21. The stacking for purposes for recovery in this case do not exist as liability coverage equaled the underinsured motorist coverage on the vehicle Stedman and all of the occupants of that vehicle were traveling in.

22. The defendants, through counsel, have requested "stacking" through the Alfa policy. This request for stacking is contrary to the policy, case law and uninsured motorist statute.

23. The court should declare the legal rights and obligations of Alfa and the Defendants under the aforesaid Mississippi law and Alfa's policy. A real controversy now exists between Alfa and the Defendants as to whether or not the underinsured motorist coverage of the Hillman should be stacked to provide the Stedman claimant, Parker claimant and the minor children "A," "B" and "C" coverage in this accident. In order to determine the controversy and ascertain certainty concerning these questions of the existence of coverage and the existence of

any duty to indemnify these Defendants by Alfa, it is necessary that a Declaration be made as to the rights and obligations of Alfa and subject insurance policy when followed in accordance with Mississippi Law.

WHEREFORE, Alfa Insurance Corporation requests the court determine its rights and obligations under Mississippi Law and its Policy to the claim of stacked underinsured motorist coverage to the Defendants herein and for all other relief the court deems just a proper.

Respectfully submitted, this the 26 day of August, 2014.

ALFA INSURANCE CORPORATION, Plaintiff
GAMMILL MONTGOMERY, PLLC

_____
TOBY J. GAMMILL (MSB #100367)

OF COUNSEL:
GAMMILL MONTGOMERY, PLLC
3900 Lakeland Drive, Suite 401
Post Office Box 321399
Flowood, Mississippi  39232
Tel:    (601) 487-2300
toby@gammillmontgomery.com
*Attorneys for Plaintiff*