UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALFA INSURANCE CORPORATION                                                              PLAINTIFF

v.                                                           CIVIL ACTION NO. 2:14cv138-DPJ-FKB

ELIZABETH STEDMAN, et al.                                                             DEFENDANTS

ORDER

This declaratory-judgment case is before the Court on Defendants' Motion to Dismiss [16]. Because the Court concludes that Plaintiff has not met its burden of establishing the existence of subject-matter jurisdiction, the motion is granted.

I.      Facts and Procedural History

Plaintiff Alfa Insurance Corporation issued an automobile-insurance policy covering three vehicles owned by Robert Hillman ("the Policy"). On May 2, 2014, Hillman's granddaughter, Defendant Elizabeth Stedman, was operating one of Hillman's covered vehicles. Defendants Heath Parker and Minor Children A, B, and C were passengers, and all five were injured when their vehicle collided with one driven by Coultin Munger. Munger's insurer, Progressive, has tendered its policy limits of $50,000 per accident to the five Defendants and an injured passenger in Munger's vehicle.

Through their attorney, Defendants requested that Alfa provide underinsured-motorist coverage under the Policy. They further asserted that the coverage for each of Hillman's insured vehicles should be stacked, thereby increasing the per-person and per-accident policy limits. Alfa took issue with Defendants' demand and filed this declaratory-judgment action, seeking an order "determin[ing] its rights and obligations under Mississippi Law and its Policy to the claim of stacked underinsured motorist coverage to the Defendants." Compl. [1] ¶ 23.

The question now before the Court is whether Alfa has established subject-matter jurisdiction. Alfa premises jurisdiction on 28 U.S.C. § 1332, asserting that "the matter in controversy exceeds the sum value of $75,000.00, exclusive of interest and costs at the limits of the insurance policy at issue as the claims made against Alfa by these Defendants have been in excess of $75,000.00." *Id.* ¶ 8. Believing that Alfa has not established that the amount in controversy exceeds $75,000, Defendants filed their Motion to Dismiss [16]. The matters raised have been well and fully briefed, and the Court is prepared to rule.

II.     Analysis

"The burden of establishing subject[-]matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "As the party invoking federal diversity jurisdiction, [Alfa] bears the burden of establishing the amount in controversy by a preponderance of the evidence." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (per curiam).

"In an action for declaratory relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Id.* (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (per curiam)). And where a declaratory-judgment action "involve[s] the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy.'" *Hartford Ins. Grp.*, 293 F.3d at 911 (quoting 14B Charles Alan Wright et al., Federal Practice and Procedure § 3710 (3d ed. 1998)). Finally, when multiple claimants exist, the general rule is that their "separate and distinct claims . . . cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). This

rule applies equally to claims involving a single plaintiff against multiple defendants. *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 373 (6th Cir. 2014).

In the present case, it appears that no single Defendant presents a claim that satisfies the jurisdictional amount due to the Policy's per-person policy limits. But if Defendants' claims were aggregated, they would exceed the jurisdictional threshold. Alfa resists the term "aggregation" and instead asserts that it is merely stacking the policies' $50,000 per-accident limit for jurisdictional purposes. In other words, the total potential payout from the stacked policies would exceed $75,000. But Alfa may not simply look to the stacked per-accident policy limits while ignoring the fact that each individual defendant has made a separate claim. *See Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963). And Alfa has not disputed Defendants' contention that those individual claims are all subject to per-person policy limits that fall below the jurisdictional amount. Thus, Alfa must establish an exception to the general rule against aggregating claims.[1]

An exception to the anti-aggregation rule exists when several litigants have a "'common and undivided interest'" in the object of the litigation. *Id.* at 780. Generally speaking, claims that are "joint and common [are] entitled to be aggregated," whereas claims that are "separate and distinct [are] not aggregable." *Snyder*, 394 U.S. at 341. Stated another way, where the interests of the litigants whose claims are sought to be aggregated "are distinct, and their only relationship is that 'they form a class of parties whose rights or liabilities arose out of the same

---

[1] In its Complaint and again in its Response, Alfa seems to suggest that its jurisdictional argument is premised on both stacking and aggregation. *See* Compl. [1] ¶ 8 ("[C]laim<u>s</u> made against Alfa by these Defendant<u>s</u> have been in excess of $75,000 . . . ." (emphasis added)); Pl.'s Resp. [22] at 3 ("By stacking this coverage *and using the per person accident limit* because there are five persons involved in this accident, the claim exceeds $75,000.00 in potential exposure.").

transaction, or have a relation to a common fund or mass or property sought to be administered, such distinct demands or liabilities cannot be aggregated.'" *Eagle Star*, 313 F.2d at 780 (quoting *Clay v. Field*, 138 U.S. 464, 480 (1891)).

These rules are sometimes easier stated than applied. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) (noting that the "'common and undivided' test retains an amorphous quality").  But in *Eagle Star*, the Fifth Circuit helped clarify the issue, noting that the United States Supreme Court has allowed aggregation "only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs then there can be no aggregation.  In other words, the obligation to the plaintiffs must be a joint one." 313 F.2d at 781 (citations omitted).

Though Alfa disputes the application of *Eagle Star*, *see* Pl.'s Resp. [22] at 5, it alternatively suggests that it has met the *Eagle Star* standards, *id*.  Most notably, Alfa argues that Defendants' claims could affect each other because the awards may be reduced by the Policy's per-accident limits.  *Id*. at 3.  Alfa cites no authority for finding that this potential effect is sufficient to make the claims "common and undivided," and the Court concludes that it does not.

To begin with, *Eagle Star* indicates that there must be a "joint interest" in a "common fund." 313 F.2d at 781.  Several circuits have adopted this approach and explained that whether a "common fund" exists

> depends on the nature of the right asserted, not whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs.  Thus, a common fund exists when plaintiffs share[] a preexisting (pre-litigation) interest in the subject of the litigation.

4

*Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (alteration in original) (citation and internal quotation marks omitted).

As noted in *Siding*, a "jointly purchased insurance policy" might reflect the common ownership necessary to create a common fund, but "multiple claims against a single instrument, alone, does not qualify for claim aggregation." 754 F.3d at 371 (citing *Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 513 (7th Cir. 1968) (holding that "potential liability of [the insurer] to the two [accident victims] . . . is several, not joint," and finding "immaterial" the fact that both claims arose under same insurance policy); 14AA Charles Alan Wright et al., Federal Practice and Procedure § 3704 (4th ed. West 2014) ("Even when the claims arose from a single instrument or the parties had a community of interest in the subject matter of the suit . . . , the cases were quite clear and virtually unanimous that separate and distinct claims by different plaintiffs still could not be aggregated for purposes of measuring the amount in controversy.")).

More fundamentally, when *Eagle Star* mentions that aggregation may occur when a common fund exists *and* the claims "affect[]" one another, it does so in the more precise context of claimants with a "joint interest in that fund." 313 F.2d at 781. Indeed the very next line from the opinion states, "In other words, the obligation to the plaintiffs must be a joint one" before aggregation may occur. *Id.* So the reference to an "[e]ffect[]" on other claims seems to merely describe the nature of joint claims. *Eagle Star* otherwise makes clear throughout its analysis that the key for allowing aggregation of claims remains the joint or dependent nature of those claims. *Id.* at 780; *see also id.* at 781 ("[T]he obligation to the plaintiffs must be a joint one."); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000) ("[T]here appears to be a common thread in the relevant case law—the presence of a 'common and undivided interest' is rather

5

uncommon, existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally.").

The holding in *Eagle Star* amplifies the point. In that case, three individuals brought suit against an insurance company that insured a torfeasor against whom each plaintiff had obtained a judgment arising out of a common accident. The court rejected aggregation, noting:

> [I]t is true that there is only one contract involved and that each plaintiff's rights are derived from this one contract, but these plaintiffs' rights (as third-party beneficiaries) under the indemnity contract of insurance are not held jointly. True, the rights under the Contract of insurance are singular as far as the insured and the insurer are concerned, but the rights of those injured parties who seek to collect their damages from the insurer under this contract are completely unrelated, except in so far as a common question of law or fact is concerned where Rule 20 allows them to join in one action.

*Id.* at 781. *See also Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 546 (9th Cir. 1985) ("[T]he character of the interest asserted depends on the source of plaintiffs' claims. If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct.").

The Eighth Circuit followed *Eagle Star* in *Crenshaw v. Great Central Insurance Co.*, a factually analogous case where two plaintiffs made separate claims for uninsured-motorist coverage arising from the same accident. 482 F.2d 1255 (8th Cir. 1973). The Eighth Circuit concluded that the claims—though made on the same policy—were not "common and undivided" and therefore could not be aggregated. *Id.* at 1259–60.

In the present case, Alfa has received demands for underinsured coverage from five individual Defendants arising out of their injuries. Defendants present factually distinct claims that are not jointly held and could have been separately filed. For example, Defendant Heath

Parker claims no medical expenses whereas Defendant Stedman's medical bills exceeded $25,000. A ruling that Parker's claim was not underinsured would in no way preclude Stedman from claiming underinsured coverage.

Buttressing this point is the Fifth Circuit's observation in *Allen v. R & H Oil & Gas Co.*, that a factor "courts long have used to determine whether a claim is common or separate is the apportionment of the award. A claim is more likely to be integrated if the defendant has no interest in the apportionment of an award among the plaintiffs." 63 F.3d at 1331. Alfa retains such an interest in this case.

In the end, it is Alfa's burden to establish subject-matter jurisdiction, and it must overcome "strict construction" regarding "allegations of the jurisdictional amount in controversy." *Eagle Star*, 313 F.2d at 781. The Court is not persuaded that the stacked per-accident policy limits determine the amount in controversy. And as for aggregation, Alfa has not offered any authority suggesting that claims become "common and undivided" simply because the ultimate funding source may be limited. *Cf. id.* (rejecting aggregation and noting that "[i]n this case it is true to a degree that each plaintiff has a 'common interest in the result of the suit,' and that each plaintiff would be affected similarly by the decision in the case. But this is not enough"). The Court is unwilling in the jurisdictional context to expand *Eagle Star* beyond its core holding. Accordingly, the claims against Alfa may not be aggregated because they are not "common and undivided."

III.  Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion to Dismiss

7

[16] is granted, and this case is dismissed without prejudice for lack of subject-matter jurisdiction. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 29th day of June, 2015.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE